THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SANDRA C.[1], | : | |
| Plaintiff, | : | Case No. 3:23-cv-242 |
| v. | : | Judge Walter H. Rice |
| COMMISSIONER OF SOCIAL SECURITY, | : | Mag. Judge Peter B. Silvain, Jr. |
| Defendant. | | |

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12), AND OVERRULING OBJECTIONS THERETO OF PLAINTIFF, SANDRA C. (DOC. #13); JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

Plaintiff Sandra C. ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On July 29, 2024, Magistrate Judge Peter B. Silvain, Jr., filed a Report and Recommendations (Report, Doc. #12), recommending that the Commissioner's

---

[1] "The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases[,] federal courts should refer to plaintiffs only by their first names and last initials." S.D. OHIO GEN. R. 22-01.

decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed. Based upon reasoning and citations of authority set forth in the Report, a thorough *de novo* review of this Court's file, including the Administrative Record (Doc. #7), and a thorough review of the applicable law, this Court ADOPTS the Report and OVERRULES Plaintiff's Objections (Doc. #13) thereto. The Court, in so doing, affirms the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

**I.  Legal Standards**

Under Rule 72(b), this Court must review *de novo* any timely, specific objection to a report and recommendations. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3). In reviewing the Commissioner's decision, the Court's task is to determine if the record as a whole constitutes "substantial evidence" that supports the Commissioner's finding of non-disability 42 U.S.C. § 405(g). "The threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted); *accord*: *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)

2

(emphasis added) ("Substantial evidence is more than a scintilla of evidence *but less than a preponderance*[.]").

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's "findings are supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

## II. Analysis

In addition to the foregoing, this Court makes the following, non-exclusive, observations:

1. Plaintiff objects that the Magistrate Judge erred in concluding "that the

3

ALJ[2] properly considered the objective medical evidence and activities of daily living in his symptom severity analysis[,]" as "much of the ALJ's discussion of the evidence is either taken out of context or mischaracterized." (Doc. #13, PAGEID 884, 885). Specifically, Plaintiff claims the ALJ erred in finding her symptoms not to be severe "because she testified that she enjoyed taking long drives. . . . [T]he ALJ failed to mention that [Plaintiff] reported to her provider (in the middle of a road trip) that driving made her cervical area and low back pain worse, as well as looking at her computer[,]" in addition to other reports of varying degrees of pain. (*Id.* at PAGEID 885, citing Doc. #7-2, PAGEID 53; Doc. #7-7, PAGEID 378; Doc. #12, PAGEID 878-79).

Plaintiff's argument is belied by the record, for several reasons. *First*, at Step Two[3], the ALJ *did* find that "degenerative disc disease of the lumbar and cervical spine" was a severe impairment. (Doc. #7-2, PAGEID 42). *Second*, at Steps Three and Four, the ALJ did not merely rely on Plaintiff's ability to drive long distances either in finding that Plaintiff's severe impairment failed to meet or equal an impairment listed in 20 C.F.R. Part 404 Subpart P, Appendix 1 ("Appendix 1 Listing"), or in formulating Plaintiff's residual functional capacity ("RFC"), respectively. (*Id.* at PAGEID 46-57). The ALJ extensively discussed the

---

[2] "ALJ" refers to the Commissioner's Administrative Law Judge who, on September 2, 2022, issued a Decision concluding that Plaintiff is not disabled under the Act. (Doc. #7-2, PAGEID 40-58).

[3] Of the well-established five-step process by which the Commissioner determines whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4).

4

consistent, mostly normal findings in Plaintiff's treatment records and concluded that those observations were more credible than Plaintiff's subjective complaints of pain. The Court may not disturb that conclusion, even if it would have come to a different one in an independent review. The objection is overruled.

    2.    Plaintiff further objects to the Magistrate Judge's conclusion "that the ALJ properly considered [Plaintiff's] ability to participate in some activities of daily living in finding that she can sustain her highly skilled past relevant work." (Doc. #13, PAGEID 885, citing Doc. #12, PAGEID 880-81). She claims that the ALJ's overreliance on activities of daily living as evidence of her supposed ability to perform past relevant work is reversible error. (Id. at PAGEID 885-86, quoting 20 C.F.R. §§ 404.1572(c), 416.972(c); *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248-49 (6th Cir. 2007); *Cohen v. Sec'y Dept. Health & Human Servs.*, 964 F.2d 524, 530 (6th Cir. 1992)). Further, Plaintiff alleges, the ALJ again took those "activities out of context, or failed to discuss how they are offset by other examples in the record"; specifically, the ALJ neglected to mention that Plaintiff cannot do chores for extended periods of time and often needs assistance. (Id. at PAGEID 886, citing Doc. #7-6, PAGEID 269). Finally, Plaintiff argues that her daily tasks are simple and repetitive, and any ability she has to perform those tasks has no bearing on her ability to perform "skilled past work as a contracting analyst in addition to a composite job of supervisor/diagnostic analyst." (Id. at PAGEID 886-87). As the

5

ALJ's Step Four determination that Plaintiff could perform such work was erroneous, Plaintiff asserts, the Commissioner's non-disability finding was not supported by substantial evidence and must be reversed. (*Id.*).

Plaintiff's first objection—the ALJ's failure to discuss how activities of daily living "are offset by other examples in the record" (Doc. #13, PAGEID 886)—implicitly asks the Court to reweigh the evidence, which it may not do. *See, e.g., O'Banner v. Sec'y of Health, Ed., & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978) ("It is not, however, the function of a reviewing court to weigh the evidence or to substitute its judgment for that of the administrative law judge."). The Court instead only looks at whether substantial evidence supports the Step Four determination, and the Court concludes that it does. The ALJ's formulation of Plaintiff's RFC was based on an extensive discussion of self-reported symptoms, medical source opinions, and objective medical records, and medical source opinions, and an evaluation of the former two against the latter. (Doc. #7-2, PAGEID 47-53, 54-57). The ALJ explained why Plaintiff's medical records did not support a more restrictive RFC, and the ALJ's evaluation of each source opinion was detailed and cogent. The ALJ's discussion of Plaintiff's activities of daily living was much more limited (*id.* at PAGEID 53-54) and only came after the evaluation of Plaintiff's medical condition. Even if the ALJ were to have credited the limitations to activities of daily living emphasized by Plaintiff, there is no indication that such crediting would have changed the RFC.

6

The ALJ's extensive discussion of records and medical sources, and careful formulation of the RFC, in turn, supported the ALJ's Step Four determination. As the ALJ discussed, Plaintiff's past relevant work and the composite job opined by the Commissioner's Vocational Expert ("VE") were either at the light or sedentary exertion level. (Doc. #7-2, PAGEID 57). Even if the ALJ had further credited Plaintiff's telling of her limitations on daily activities, that almost certainly would not have altered the RFC such that Plaintiff could not return to past relevant work. The ALJ's Step Four determination was supported by substantial evidence, and thus, must be affirmed.

## III. Conclusion

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge (Doc. #12) and OVERRULES Plaintiff's Objections thereto. (Doc. #13). Judgment shall enter in favor of the Commissioner and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 28, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT